UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID W. STANDLEY, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case No.: SA-14-CA-00977-XR |
| § | |
| MICHAEL S. ROGERS, § | |
| § | |
| *Defendant.* § | |

**ORDER**

On this date, the Court considered Defendant Michael S. Rogers' Bill of Costs (Docket no. 83).

**ANALYSIS**

As the prevailing party, Defendant seeks $5,945.45 in costs pursuant to Federal Rule of Civil Procedure 54(d). Docket no. 83 at 1. Rule 54(d) provides that costs "shall be allowed as of course to the prevailing party." Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Federal Rule of Civil Procedure 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Id*. Section 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

1

      (5) Docket fees under section 1923 of this title;
      (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendant seeks $325.00 for service of subpoenas, $5,009.35 for printed transcripts, and $611.10 for exemplification and the costs of making copies. Docket no. 83 at 1.

### A. Fees for Service of Subpoenas

Defendant seeks an award of $325.00 for service of subpoenas. Docket no. 83 at 1. This request is supported by five receipts: (1) $65.00 for service of subpoena on ManTech Advance Systems International; (2) $65.00 for service of subpoena on Overwatch Systems, LTD; (3) $65.00 for service of subpoena on ManTech Advance Systems; (4) $75 for service of subpoena on General Dynamics Information Technology; and (5) $55.00 for service of subpoena on Vectra. Docket no. 83-1 at 8–12.

While this Court has held that private process service fees are recoverable as costs, it is this Court's practice to limit the amount to that charged by the Marshal because the statute does not specifically authorize fees for service of process but instead refers to "fees of the marshal," which are $65.00. *Lear Sieglar Servs. v. Ensil Int'l Corp.*, Civ. A. No. SA: 05-CV-679-XR, 2010 WL 2595185, at *2 (W.D. Tex. June 23, 2010) ("The undersigned Judge has a routine practice of awarding costs for private process servers, but limiting the amount to the fee charged by the Marshal . . ."); *see also* 28 C.F.R. § 0.114.

All but one of Defendant's subpoenas are at or under this limit. The one subpoena for which Defendant seeks in excess of $65.00—a subpoena served on General Dynamics charged at $75.00—is limited to the $65.00 that would be charged by the Marshal. Thus, Defendant may only recover $315.00 of the $325.00 requested for service of subpoenas.

### B. Fees for Printed or Electronically Recorded Transcripts

Defendant also requests a total of $5,009.35 for printed or electronically recorded transcripts. Docket no. 83 at 1.

*1. Deposition Transcripts*

Defendant specifically seeks deposition transcript costs for the depositions of Plaintiff and Adam M. Falkiewicz, and costs for copies of the deposition transcripts of Lynn H., Rhonda M., Janice W., John M., Jeffrey R., Clare C., and Mary S., for a total of $4,958.25. Docket no. 83–1 at 2.

Costs related to the taking of depositions are allowed under § 1920(2) "if the materials were necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for the use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Deposition costs are generally allowed if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to counsel at the time it was taken. *Copper Liquor v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982). In addition, copies of depositions are allowed if they were necessarily obtained for use in a case pursuant to § 1920(4). *Gaddis*, 381 F.3d at 456. Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. *Fogleman*, 920 F.2d at 285–86.

Defendant indicates that Plaintiff's deposition was "used in support of Defendant's Motion for Summary Judgment." Docket no. 83-1 at 2 n.3. Defendant also attests that the deposition of Mr. Falkiewicz, Plaintiff's expert testifying on damages, was necessary "to prepare for a possible trial." *Id*. at n.4. Further, Defendant states that copies of the remaining deponents'

deposition transcripts were necessary "to prepare them in the event that this case went to trial." *Id.* at n.5. The Court finds that the deposition transcripts were necessarily obtained for use in the case.

### 2. *Hearing Transcript*

Defendant also requests an award of $51.10 for a transcript of the March 26, 2015 status conference. Docket no. 83–1 at 2. Defendant, however, fails to explain why the transcript of the status conference was "necessary for use in the case." Previously, this Court has disallowed an award for cost of transcripts where counsel failed to demonstrate that the transcripts were necessary. *See Structural Metals, Inc. v. S & C Elec. Co.*, SA:09-CV-984-XR, 2013 WL 3790450, at *2 (W.D. Tex. July 19, 2013). Additionally, the Court is under no obligation to search the record to verify the transcripts "were used or the extent to which they were used" in the case. *Id.* Thus, this Court declines to award costs incurred from obtaining a transcript of the March 26, 2015 status conference.

Defendant's requested fees for printed or electronically recorded transcripts totaling $5,009.35 are therefore awarded in the reduced amount of $4,958.25.

### C. Fees for Exemplification and the Cost of Making Copies of Any Materials

Defendant seeks $611.10 in costs related to making copies of documents and materials produced by both Plaintiff and Defendant. Docket no. 83 at 1. Defendant asserts that it reasonably believed that the documents and the materials would be used during the trial or for trial preparation. *Id.* at nn.6–10. However, Defendant fails to provide a receipt showing the cost or rate of the charge for the copies, and thus the Court is unable to determine if the rate is reasonable. This Court has previously denied recovery of costs related to making copies of documents where the party requesting the award failed to provide a receipt indicating cost or

rate. *Liberty Ins. Corp. v. Caterpillar Inc.*, SA-13-CV-083-XR, 2014 WL 4999317, at *3 (W.D. Tex. Oct. 7, 2014). Therefore, the Court will not award the requested cost of $611.10 for copies.

## CONCLUSION

In sum, $5,273.25 in costs is awarded to Defendant as follows:

(1) $315.00 for service of summons

(2) $4,958.25 for printed and electronically recorded transcripts.

It is so ORDERED.

SIGNED this 6th Day of October, 2016.

                                      XAVIER RODRIGUEZ
                                      UNITED STATES DISTRICT JUDGE